**SOUTH DAKOTA PUBLIC UTILITIES COMMISSION, et al., Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

Maxus Exploration Company, Norfolk Energy, Inc., Arco Oil and Gas Company, Exxon Corporation, Kaneb Exploration, Inc., Okmar Oil Company, Shell Western E & P, Inc., Shenandoah Oil Corporation, Texas International Petroleum Company and Phoenix Resources Company, Kaiser–Francis Oil Company and Leben Oil Corporation, Bass Enterprises Production Company, Intervenors.

Nos. 90–1136, 90–1215 and 90–1237.

United States Court of Appeals, District of Columbia Circuit.

Decided Aug. 20, 1991.

Rehearing and Rehearing En Banc Denied Aug. 20, 1991.

ON PETITION FOR REHEARING

Before EDWARDS, WILLIAMS and RANDOLPH, Circuit Judges.

ORDER

PER CURIAM.

Upon consideration of petitioner's petition for rehearing, it is

ORDERED, by the Court, that the petition is denied.

STEPHEN F. WILLIAMS, Circuit Judge:

Petitioners seek rehearing[1] on the theory that the court's opinion violates the principle of *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947), that courts may judge the propriety of an administrative agency's act "solely by the grounds invoked by the agency." Specifically, the argument is that FERC purported to decide the application of area rate clauses to NGPA ceilings on the basis of the actual, historical intent of the parties at the time of contracting, whereas the court upheld the Commission's decision on the basis of a hypothesized intent as to what parties would have intended had they in fact contemplated the onset of congressionally specified ceilings.

Supporting the petitioners' view are statements of FERC appearing to focus on historic intent. For example, one reference highlighted by petitioners is the order of the Commission setting the case for hearing and identifying the controlling issue as whether Northern and the producers *"intended* [area rate clauses] to trigger payment of NGPA ceiling prices when the contracts at issue were entered into." 43 FERC ¶ 63,015 at 65,147 (1988) (emphasis in original).

The trouble with these citations is that taken literally they make the Commission's inquiry a farce. It is inconceivable that contracting parties in (say) 1965 intended the clauses "to trigger payment of NGPA ceiling prices", as no one at that era had suggested adoption of anything called "NGPA" or "Natural Gas Policy Act". Even if we expand the reference to avoid that absurdity, and read it as encompassing national legislation setting rates in lieu of the Federal Power Commission's area rates, the working presumption of Order No. 23—essentially that the parties commonly formed an "intent" to cover such congressional rates—would have been overwhelmingly contrary to fact: only a relatively small proportion of actors in the natural gas market are likely in the early

days to have contemplated the critical legislative development (and thus been able to form an intent). Thus, even read in this moderately literalist way, the Commission's mandate to the administrative law judge would have been to embark on a wild goose chase. Moreover, it is clear from the writings of the contract scholars discussed in the court's opinion that courts themselves commonly use the language of historic intent in situations that are really ones of hypothesized or reconstructed intent. See, e.g., 6 Samuel Williston, A Treatise on the Law of Contracts § 825 at 52–60 (3d ed. 1962). It is hardly a violation of *Chenery* for a reviewing court to infer that the agency's usage was, similarly, a kind of shorthand. *Bowman Transportation, Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974).

---

**1.** They have also suggested rehearing *en banc.* The full court's disposition of the suggestion is covered in a separate order issued concurrently.